IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                         14cr0145

      v.                   **ELECTRONICALLY FILED**

NICOLE MURPHY,

      Defendant.

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer a specific question. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer that question.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the Government has established all of the essential elements of the offense charged. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In

other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the Bailiff, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a

cell phone; a smart phone like Blackberries, Droids, or iPhones; a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the Bailiff. The Bailiff will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and the Bailiff will give your verdict in open court. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

**Exhibits**

Counsel for the Government and Defendant have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration. This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

**Stipulations of Fact**

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial. You must treat any stipulations of fact as having been proved for the purposes of this case.

**What is Not Evidence?**

The following things are not evidence:

1. The indictment.

2. Statements, arguments, questions and comments by the lawyers are not evidence.

3. Likewise, objections are not evidence. Lawyers have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you

must ignore the question and must not try to guess what the answer might have been.

4.  Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5.  Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide the case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

In this regard, you may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that

something either did or did not happen. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced that the Government has proved all of the essential elements, beyond a reasonable doubt, for a specific offense before you could return a verdict of guilty on that offense.

**Bias, Sympathy And Prejudice**

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

**Evidence Admitted for a Limited Purpose**

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

**III. Credibility of Witnesses / Weight of Testimony in General**

**In General**

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to have observed the matters as to which he or she has testified, and whether he or she impressed you as having an accurate recollection of these matters. Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Number of Witnesses Not Important**

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness's testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you should consider whether the untrue part of the testimony was the result of a

mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Not Required to Accept Uncontradicted Testimony

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

### Defendant's Choice Not to Testify

Defendant did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that she is innocent. You must not attach any significance to the fact that defendant did not testify. You must not draw any adverse inference against her because she did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Consciousness of Guilt**

You have heard testimony that after the crime was supposed to have been committed, Nicole Murphy submitted reports that did not fully detail all of her conduct that night and which were misleading as to why she took the actions she did.

If you believe that Nicole Murphy submitted reports that did not fully detail all of her conduct that night and which were misleading as to why she took the actions she did, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that she committed the crime charged. This conduct may indicate that she thought she was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may submit incomplete reports which are misleading for some other reason.

Whether or not this evidence causes you to find that the Defendant was conscious of her guilt of the crime charged, and whether that indicates that she committed the crime charged, is entirely up to you as the sole judges of the facts.

## IV. Burden of Proof

## Presumption of Innocence; Burden of Proof; Reasonable Doubt

Defendant pleaded not guilty to the offense charged. Defendant is presumed to be innocent. She started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with Defendant unless and until the Government has presented evidence that overcomes that presumption by convincing you that she is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find Defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the Government to prove that Defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find Defendant guilty of the offense charged, the Government must convince you that Defendant is guilty beyond a reasonable doubt. That means that the Government must prove each and every element

of the offense charged beyond a reasonable doubt.  A Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty on that offense.

**Not All Evidence, Not All Witnesses Needed**

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses.

**Nature of the Indictment**

As you know, Defendant is charged in the indictment with violating federal law, specifically one count of deprivation of rights under color of law in violation of Title 18 United States Code Section 242. The indictment sets forth that the grand jury charges that:

on or about September 21, 2012, in the Western District of Pennsylvania, the defendant, while acting under color of law as a police officer with the Millvale Police Department, willfully deprived T.S. of the right, secured and protected by the United States Constitution, to be free from unreasonable seizure, which includes the right to be free from the use of unreasonable force by

a law enforcement officer; that is, the defendant after T.S. had been handcuffed, used and attempted to use on T.S's person a dangerous weapon, namely, a Taser, multiple times in drive-stun and probe-stun modes.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime the Defendant is accused of committing. An indictment is simply a description of the charges against a Defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Defendant has been indicted in making your decision in this case.

**On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## V. Substantive Law

Now that I have instructed you on how to consider evidence and other general principles, I will instruct you on the substantive law to apply based upon the specific offense charged.

Count One of the Indictment, which I have read to you, is brought under Section 242 of Title 18 of the United States Code. This statute states, in relevant part:

> Whoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . .

shall be guilty of an offense against the United States.

### Elements of the Offense

For you to find the Defendant guilty of the crime charged in Count One of the Indictment, you must find that the government has proven each of the following four elements beyond a reasonable doubt:

First: That the Defendant acted under color of law;

Second: That the Defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States, in this case, the right to be free from a law enforcement officer's use of unreasonable force;

Third: That the Defendant acted willfully; and

<table>
<tr><td>Fourth:</td><td>That the offense involved the use, attempted use, or threatened use of a dangerous weapon.</td></tr>
</table>

If you are convinced beyond a reasonable doubt that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**Element One - Color of Law**

The first element the government must prove is that the Defendant acted under color of law. A person acts under color of law if she is an official or employee of a federal, state, or local government and she uses or abuses power she possesses because of her official position. A government official, such as a police officer acts "under color of law" if she is performing her official duties, or pretending to perform those official duties, even if she misuses or abuses her official authority by doing something the law forbids.

If you find that the Defendant was a Millvale Police officer, and that she was acting, pretending to act, or giving the appearance of acting as a Millvale Police officer, then you may find that she was acting under color of law.

**Element Two - Deprivation of a Protected Right**

The second element the government must prove is that the Defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States. The indictment alleges that the Defendant deprived Thomas Smith of his right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures. The United States Constitution guarantees everyone in this country the right to be free from unreasonable seizure by a law enforcement officer, which includes the right to be free from the use of unreasonable physical force during the course of an arrest, detention, or other stop made by a law enforcement officer.

The use of force violates the Fourth Amendment if it is excessive under objective standards of reasonableness. Unreasonable force is thus physical force that exceeds the objective need to use such force. Although a law enforcement officer may use force if there is an objective basis to do so, she may not use more force than is reasonably necessary under the circumstances. For example, a law enforcement officer may use force to effectuate an arrest, to prevent a suspect from escaping from custody, or to

defend herself or another from bodily harm. However, the law enforcement officer may not use more force than is reasonably necessary to accomplish these objectives.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person. An officer may not use force merely because an arrestee questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation -- unless the force is otherwise objectively reasonable at the time it is used.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified -- even seconds later -- if the objective justification for the initial use of force has been eliminated.

If you determine that the Defendant used physical force against Thomas Smith, you must then decide whether that force was reasonable. You should make this determination considering all of the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene. In making your determination, you may consider the severity of the crime, if any, committed by Thomas Smith; the extent, if any, to which

Thomas Smith posed a threat to the safety of the Defendant or to any other person; and the extent, if any, to which Thomas Smith was physically resisting arrest or attempting to flee at the time force was used. If, after considering all the circumstances, you find that the Defendant used unreasonable force against Thomas Smith, then you may find that the second element is satisfied.

The indictment sets forth multiple actions taken by the Defendant alleged to constitute unreasonable force, e.g multiple tasings in drive-stun mode and probe-stun mode. In order to return a guilty verdict, all twelve of you must agree that at least one of these uses of force constituted unreasonable force; however, all of you need not agree that the same one was unreasonable. If all of you unanimously agree that the government has proven that the defendant used unreasonable force against Smith, then you may find that the second element is satisfied.

**Element Three - Willfulness**

The third element the government must prove is that the Defendant acted willfully. A person acts willfully if she acts voluntarily and intentionally, with the specific intent to do something the law forbids. In this

case, it means that the Defendant acted with the specific intent to deprive Thomas Smith of the right to be free from being unreasonably seized by a law enforcement officer.

Intent is a state of mind, which can often be proven by circumstantial evidence. Ordinarily, a Defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can still be proven indirectly from the surrounding circumstances.

In determining whether the Defendant acted willfully, you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation. You may also consider what the Defendant said; what the Defendant did or failed to do; how the Defendant acted; and whether the Defendant knew she was violating the law and policy of the state or the Millvale Police Department. You may also consider any other facts or circumstances you deem relevant to shed light on what was in the Defendant's mind.

Also, in considering the Defendant's state of mind, you may find that the Defendant intended the natural and probable results of any acts she

knowingly took or that she knowingly failed to take. In other words, you may infer that the Defendant intended the consequences that a reasonable law enforcement officer, standing in like circumstances and possessing like knowledge, would have expected to result from her actions. However, it is entirely up to you to decide what facts to find from the evidence.

It is not necessary for the government to prove that the Defendant was thinking in constitutional terms at the time of her alleged acts. Reckless disregard of a person's constitutional rights may be evidence of specific intent to deprive that person of those rights. Therefore, you may find that the Defendant acted with the required specific intent, even if you find that she had no real familiarity with the Constitution or with the particular constitutional provision which establishes the right to be free from excessive force. You must, however, find that the Defendant intended to do what the Constitution forbids.

It is not a defense that the Defendant may also have been motivated by greed, anger, or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations

-- as well as any malice displayed by the Defendant -- in determining whether the Defendant acted willfully, as I have described that term to you.

**Element Four - Use of a Dangerous Weapon**

Element four is that the defendant's conduct involved the use and attempted use of a dangerous weapon. The government and the defendant have stipulated that the Taser depicted in government exhibit 14 is a dangerous weapon, that is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain. Therefore, I instruct you that you must find that element four has been satisfied.

**VI. Process of Jury Deliberation**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your

fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize the discussion. Speak one at a time. Be patient and respectful of

other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy. You will take the original verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the Bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations. If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Bailiff who will bring it to my attention. After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the Bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]